Filed 11/28/22 P. v. Crowell CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C095502 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 06F715) |
| MARGUS EVERETT CROWELL, | |
| Defendant and Appellant. | |

Defendant Margus Everett Crowell appeals from the trial court's order denying his petition to recall his sentence and resentence him following a recommendation from the California Department of Corrections and Rehabilitation (CDCR). Defendant contends the trial court abused its discretion in denying CDCR's recommendation, and recent statutory amendments require remand. The People agree remand is appropriate in light of the amendments, and so do we. We will reverse the trial court's order and remand for reconsideration under the amended statute. Under the circumstances, we do not address defendant's abuse of discretion arguments.

BACKGROUND

In 2006, defendant pleaded guilty to one count of burglary (Pen. Code, § 459)[1] and admitted two prior strike convictions (§ 1170.12) and a prior serious felony

---

[1] Undesignated statutory references are to the Penal Code.

1

conviction (§ 667, subd. (a)).  The trial court sentenced defendant to 30 years to life in state prison.

In 2021, pursuant to former section 1170, subdivision (d)(1), CDCR sent a letter to the trial court recommending the trial court recall defendant's sentence and resentence defendant based on his exceptional conduct in prison.  Defendant subsequently filed a petition for recall and resentencing.  In his brief supporting the petition, defendant included an assessment by a correctional consultant.  In the assessment, the consultant recounted an interview with defendant where defendant said he started smoking marijuana with his parents and siblings when he was very young, dabbled with meth at the age of 12, and at the age of 17 his best friend died which was the end of the world to defendant. Defendant said his life spiraled out of control and he paid for his addiction by committing burglaries.  But defendant said he was determined to find out why he had committed the crimes, and he had been working on changing himself.

The trial court held a hearing on October 25, 2021, and denied the petition.  The trial court acknowledged defendant's efforts and improvements but expressed concerns about the CDCR letter and noted that although defendant has done well in prison, he had not been successful on parole.

On December 7, 2021, defendant filed a motion for reconsideration.  Two weeks later, on December 23, 2021, defendant filed a timely notice of appeal in the trial court. In light of the notice of appeal, the trial court declined to rule on defendant's motion for reconsideration.

## DISCUSSION

The parties agree remand is appropriate in light of the recent amendments to former section 1170, subdivision (d)(1).  So do we.

Former section 1170, subdivision (d)(1), effective August 6, 2020, authorized a trial court, at any time upon the recommendation of CDCR, to recall a defendant's

2

sentence and resentence the defendant, provided the new sentence is no greater than the initial sentence.

While this appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.), effective January 1, 2022, made several " 'clarifying changes' " to the standards and factors a trial court must employ when considering a CDCR recommendation.[2] (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041; see Stats. 2021, ch. 719, § 3.1.) As relevant here, the trial court must now "consider if the defendant has experienced psychological, physical, or childhood trauma . . . and whether those circumstances were a contributing factor in the commission of the offense." (Stats. 2021, ch. 719, § 3.1, subd. (a)(4).) There is also an added "presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (Stats. 2021, ch. 719, § 3.1, subd. (b)(2).)

We cannot disregard subsequent expressions of the Legislature as to its intent regarding a prior statute. (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244.) "A statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment." (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922.) "When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation." (*People v. McMurray, supra*, 76 Cal.App.5th at p. 1039.)

Here, the changes to former section 1170, subdivision (d) apply to defendant's case. The record does not show that the trial court considered whether defendant

---

[2] Assembly Bill No. 1540 also moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to new section 1170.03. (Stats. 2021, ch. 719, § 3.1.) Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 9.)

3

experienced psychological, physical, or childhood trauma or whether such circumstances contributed to his offense. (See *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096 [under former section 1170, "the trial court had no statutory reason to make . . . a finding that past psychological . . . trauma was a contributing factor to" the defendant's offense].) We cannot say that the trial court would reach the same decision if it had applied the new law with the presumption favoring recall and resentencing. (See *People v. Jones* (2019) 32 Cal.App.5th 267, 273 [remand is not required if the record clearly shows the trial court would not have decided otherwise even if it had the discretion].) Accordingly, the appropriate remedy is to reverse and remand the matter for the trial court to consider CDCR's recommendation under the new standards.

Given our conclusion, we need not address defendant's arguments that the trial court abused its discretion by misreading CDCR's letter, mischaracterizing CDCR's review process, and by making erroneous factual findings. As the People suggest, any concerns defendant may have may be addressed on remand.

DISPOSITION

The trial court's order denying defendant's petition for recall and resentencing is reversed, and the matter is remanded for the trial court to reconsider CDCR's recommendation under the amended statute.

/S/            <br>MAURO, Acting P. J.

We concur:

/S/
KRAUSE, J.

/S/
BOULWARE EURIE, J.

4